NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS MANSO, | Civil Action No. 16-2336 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CINDY SWEENEY, et al., | |
| Respondents. | |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus by Petitioner Luis Manso, pursuant to 28 U.S.C. § 2254. The Court ordered Respondents to answer, and an answer was filed. (ECF No. 9). In the Answer, Respondents assert that some of Petitioner's claims were unexhausted in state court. (*Id.* at 46). Petitioner opposes this defense, stating that all claims were raised in state court and "are the exact same points cited in petitioner's petition." (ECF No. 12 at 14).

The Court has reviewed the record of this case, and agrees that at least one claim was not exhausted. When a habeas petition contains both exhausted and unexhausted claims, it is considered a mixed petition as explained in *Rhines v. Weber*, 544 U.S. 269 (2005). Federal district courts may not adjudicate mixed petitions. *See id.* at 273. Here, in Ground Two of the Petition, Petitioner alleges a prosecutorial misconduct claim. (ECF No. 3 at 12). However, the scope of this claim on federal habeas is broader than the claim raised in state court—indeed, the Petition itself alleges that some of the factual allegations were only discovered at the evidentiary hearing for Petitioner's post-conviction relief ("PCR") proceeding. (*See id.*). The Court has reviewed the state court record, and finds that some of the allegations were not presented in state court. Specifically, Petitioner's allegations regarding the prosecution's failure to disclose a potentially favorable

witness, and his allegations that a co-defendant was prevented from testifying on his behalf due to an explicit condition of the co-defendant's plea agreement, (*see id.*), were not raised in state court. Just because Petitioner raised a prosecutorial misconduct claim in state court does not allow him to include in his federal habeas petition other factual allegations not presented to the state courts; exhaustion requires a petitioner to present "*both* the legal theory and the facts on which a federal claim rests" to the state courts. *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990) (emphasis in the original).

As stated above, the Court cannot adjudicate the Petition in its present form as a mixed petition. Accordingly, within 30 days of this Order, Petitioner must inform this Court whether he wishes to withdraw all claims in the Petition not raised in state court, which would in effect be an abandonment of those claims due to the federal bar on second or successive petitions, *see* 28 U.S.C. § 2244(b)(2), or seek to exhaust those claims in state court first before his federal petition is adjudicated. If Petitioner chooses the latter option, he may wish to file a motion to stay his federal habeas matter. *See Rhines*, 544 U.S. at 275-76. Failure to timely respond to the Court's order will result in a dismissal of the Petition without prejudice, as the Court has neither the authority to adjudicate mixed petitions nor the authority to unilaterally excise a party's claims *sua sponte*.

IT IS therefore on this 28 day of February, 2017,

ORDERED that Petitioner shall, within 30 days of this Order, inform the Court as to how he wishes to proceed with his federal habeas petition in the manner as directed herein; failure to respond will result in the dismissal of the Petition without prejudice; and it is further

ORDERED that the Clerk shall serve this Order on Petitioner by regular mail.

SO ORDERED

Claire C. Cecchi
United States District Judge